UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Case: 2:26−cv−12297
Assigned To : Michelson, Laurie J.
Referral Judge: Patti, Anthony P.
Assign. Date : 7/7/2026
Description: CMP BALLOUT V. LIBERTY MUTUAL PERSONAL INSURANCE COMPANY ET AL (NA)

BENJAMIN BALLOUT,

Plaintiff,

v. Case No. __________

Hon. __________

LIBERTY MUTUAL PERSONAL

INSURANCE COMPANY,

and

LEXISNEXIS RISK SOLUTIONS INC.,

doing business as C.L.U.E.,

Defendants.

____________________________________/

**COMPLAINT AND JURY DEMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

COMPLAINT AND JURY DEMAND

I. NATURE OF THE ACTION

II. CLAIM AND EVIDENCE SUMMARY

III. JURISDICTION AND VENUE

IV. PARTIES

V. DOCUMENTED CHRONOLOGY

VI. THE INACCURATE ACCIDENT CLASSIFICATION

VII. PLAINTIFF'S DISPUTES AND DEFENDANTS' INVESTIGATIONS

VIII. LIBERTY'S EVENTUAL CORRECTION

IX. PREMIUM OVERCHARGES AND ACCOUNTING DISPUTE

X. NO ACCORD AND SATISFACTION OR KNOWING RELEASE

XI. CONCRETE INJURIES AND DAMAGES

XII. GOVERNING FCRA STANDARDS

COUNT I
FCRA – UNREASONABLE REINVESTIGATION
15 U.S.C. § 1681i
Against LexisNexis Risk Solutions Inc.

COUNT II
FCRA – FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY
15 U.S.C. § 1681e(b)
Against LexisNexis Risk Solutions Inc.

COUNT III
FCRA – FAILURE OF FURNISHER TO CONDUCT A REASONABLE INVESTIGATION
15 U.S.C. § 1681s-2(b)
Against Liberty Mutual Personal Insurance Company

COUNT IV
BREACH OF CONTRACT
Against Liberty Mutual Personal Insurance Company

COUNT V
DECLARATORY JUDGMENT – NO ACCORD AND SATISFACTION OR RELEASE
Against Liberty Mutual Personal Insurance Company

COUNT VI
RESTITUTION AND UNJUST ENRICHMENT
Pleaded in the Alternative Against Liberty Mutual Personal Insurance Company

XIII. PRAYER FOR RELIEF

XIV. JURY DEMAND

SIGNATURE OF PLAINTIFF PROCEEDING PRO SE

PLAINTIFF'S INDEX OF EXHIBITS

CERTIFICATION REGARDING EXHIBITS

# TABLE OF AUTHORITIES

## CASES

*Berry v. Experian Information Solutions, Inc.*,
115 F.4th 528 (6th Cir. 2024)

*Boggio v. USAA Federal Savings Bank*,
696 F.3d 611 (6th Cir. 2012)

*Hoerstman General Contracting, Inc. v. Hahn*,
474 Mich. 66, 711 N.W.2d 340 (2006)

*Safeco Insurance Co. of America v. Burr*,
551 U.S. 47 (2007)

*Scott v. First Southern National Bank*,
936 F.3d 509 (6th Cir. 2019)

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)

## FEDERAL STATUTES

15 U.S.C. § 1681 et seq.

15 U.S.C. § 1681a(c)

15 U.S.C. § 1681a(d)

15 U.S.C. § 1681a(f)

15 U.S.C. § 1681e(b)

15 U.S.C. § 1681i(a)

15 U.S.C. § 1681i(a)(2)

15 U.S.C. § 1681i(a)(5)

15 U.S.C. § 1681n

15 U.S.C. § 1681o

15 U.S.C. § 1681p

15 U.S.C. § 1681s-2(b)

28 U.S.C. § 1331

28 U.S.C. § 1367

28 U.S.C. § 1391

28 U.S.C. § 2201

28 U.S.C. § 2202

## MICHIGAN STATUTES

Mich. Comp. Laws § 440.3311

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(a)

Fed. R. Civ. P. 8(d)

Fed. R. Civ. P. 10(b)

Fed. R. Civ. P. 11(a)

Fed. R. Civ. P. 38

Plaintiff Benjamin Ballout proceed as Pro Se alleges as follows:

# I. NATURE OF THE ACTION

1. This action concerns the maintenance, furnishing, publication, repeated verification, and prolonged use of materially inaccurate automobile-loss information identifying Plaintiff as at fault for a July 18, 2022 motor-vehicle accident.
2. Defendant Liberty Mutual Personal Insurance Company issued Plaintiff's automobile policy, Policy No. AOV-243-887308-40, and administered Claim No. 050213530-01. **(Exhibits A and B.)**
3. Liberty classified the July 18, 2022 accident as an at-fault loss and maintained that classification for approximately three years and nine months. **(Exhibits B, C, and D.)**
4. Liberty furnished or caused that classification to be furnished to the C.L.U.E. insurance-loss reporting system operated by Defendant LexisNexis Risk Solutions Inc. **(Exhibits C, G, and H.)**
5. Specialty insurance consumer reports are used by automobile insurers to make underwriting, eligibility, risk-classification, discount, and premium decisions.
6. Plaintiff disputed the inaccurate at-fault classification with Liberty and with LexisNexis/C.L.U.E. on multiple occasions. **(Exhibits D, E, and F.)**

7. Despite the disputes and supporting documentation, the inaccurate information remained associated with Plaintiff and was repeatedly maintained, published, verified, or relied upon. **(Exhibits C, E, F, H, and L.)**
8. Liberty eventually acknowledged that the accident should have been classified as not at fault.
9. Liberty's May 4, 2026 written correction states that, effective April 29, 2026, the fault designation was updated to "not at fault" and that the correction would be updated with C.L.U.E. within 30 days. **(Exhibit G.)**
10. Liberty's eventual correction establishes that the previous at-fault classification was inaccurate or materially misleading.
11. During the years in which the inaccurate classification remained in Plaintiff's insurance history, Plaintiff paid premiums, lost or was impaired in obtaining discounts, received less favorable insurance treatment or quotations, and devoted substantial time and expense to correcting Defendants' error. **(Exhibits K, L, O, and Q.)**
12. Liberty has refused to provide a complete policy-by-policy and term-by-term premium audit calculating the financial effect of the wrongful at-fault classification. **(Exhibits I, M, and P.)**

13. Liberty issued a check or account credit of approximately $962.71 after the policies were canceled.

14. Liberty's contemporaneous May 21, 2026, letter states that the $962.71 arose from backdated endorsements, payroll payments posted in May 2026, and cancellation of the automobile policy effective May 8, 2026. **(Exhibit I.)**

15. That letter did not conspicuously state that the payment was offered in full settlement of Plaintiff's FCRA claims, premium-overcharge claims, consumer-reporting damages, or all claims arising from the wrongful 2022 classification. **(Exhibits I and J.)**

16. Plaintiff deposited the check as an account refund without knowingly agreeing to surrender separate statutory and damages claims.

17. To the extent Liberty now attempts to characterize the ordinary account refund as a complete settlement, such characterization conflicts with Liberty's contemporaneous written explanation of the payment. **(Exhibits I, J, and Q.)**

18. Plaintiff seeks actual damages, statutory damages where authorized, punitive damages for willful FCRA violations, return of excess premiums, an accounting, declaratory relief, costs, attorney fees where recoverable, and trial by jury.

# II. CLAIM AND EVIDENCE SUMMARY

| Defendant | Principal Conduct | Proposed Claims | Primary Evidence |
|---|---|---|---|
| Liberty Mutual Personal Insurance Company | Maintained and furnished inaccurate at-fault classification; failed to conduct reasonable investigation after CRA notice; failed to provide complete premium audit | 15 U.S.C. § 1681s-2(b); breach of contract; declaratory relief; restitution in the alternative | Exs. A, B, D, F, G, I, J, K, M, P, Q |
| LexisNexis Risk Solutions/C.L.U.E. | Maintained, published, or verified inaccurate loss-history information and failed to reasonably reinvestigate disputes | 15 U.S.C. §§ 1681e(b) and 1681i | Exs. C, D, E, F, G, H, L |
| Both Defendants | Continued inaccurate reporting or verification after notice, causing financial and reputational harm | Negligent and willful FCRA noncompliance under §§ 1681n and 1681o | Exs. D–H, K, L, O |

# III. JURISDICTION AND VENUE

19. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

20. The Court has jurisdiction under 15 U.S.C. § 1681p without regard to the amount in controversy.

21. The Court has supplemental jurisdiction over the related Michigan claims under 28 U.S.C. § 1367 because those claims arise from the same common nucleus of operative facts.

22. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

23. Venue is proper under 28 U.S.C. § 1391 because Plaintiff resides in Dearborn, Michigan; the policies were issued and administered in Michigan; the disputed reporting affected Plaintiff in this District; the disputes were transmitted from this District; premiums were paid from this District; and Plaintiff suffered injury here.

24. The action is timely under 15 U.S.C. § 1681p because it is filed within two years of Plaintiff's discovery of the actionable violations and within five years of the relevant violations.

# IV. PARTIES

25. Plaintiff Benjamin Ballout is a natural person, Michigan resident, and "consumer" within the meaning of 15 U.S.C. § 1681a(c).

26. Defendant Liberty Mutual Personal Insurance Company is an insurance company authorized to conduct insurance business in Michigan.

27. Liberty issued Plaintiff's automobile policy and is identified in its own May 21, 2026 letter as the underwriting company for Policy No. AOV-243-887308-40, NAIC No. 12484. **(Exhibits A and I.)**

28. Liberty regularly maintains and furnishes automobile-claim and loss-history information to consumer-reporting agencies, including C.L.U.E. **(Exhibits A, G, and R.)**

29. Defendant LexisNexis Risk Solutions Inc. operates, controls, supplies, or is affiliated with the C.L.U.E. automobile and property loss-history reporting system.

30. LexisNexis assembled, maintained, evaluated, sold, or furnished information regarding Plaintiff's automobile-loss history for insurance underwriting and premium purposes.

31. LexisNexis is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) to the extent it regularly assembles or evaluates consumer information for the purpose of furnishing consumer reports to third parties.

32. Liberty has provided an email identifying Corporation Service Company at 84 State Street, Boston, Massachusetts 02109 as a registered agent for service. **(Exhibit N.)**

33. Because that email arose from a separate personal-property matter, Plaintiff will independently verify the proper agent for Liberty Mutual Personal Insurance Company before issuing the summons.

# V. DOCUMENTED CHRONOLOGY

| Date | Event | Evidentiary Significance |
|---|---|---|
| July 18, 2022 | Automobile accident underlying Claim No. 050213530-01 | Identifies the loss at issue. **(Ex. B.)** |
| 2022–2026 | Liberty maintained the accident as at fault | Period of inaccurate classification and alleged premium effects. **(Exs. B, C, K.)** |
| 2022-2026 | Plaintiff obtained C.L.U.E. report showing at-fault classification | Documents publication or maintenance by CRA. **(Ex. C.)** |
| 2022-2026 | Plaintiff disputed information with Liberty | Establishes direct notice and knowledge. **(Ex. D.)** |
| 2022-2026 | Plaintiff disputed information with LexisNexis/C.L.U.E. | Triggers § 1681i duties if properly submitted. **(Ex. E.)** |

| Date | Event | Evidentiary Significance |
|---|---|---|
| 2022-2026 | LexisNexis sent dispute notice to Liberty | Triggers Liberty's private-action duties under § 1681s-2(b). **(Ex. F.)** |
| 2022-2026 | LexisNexis verified, retained, or failed to correct the at-fault entry | Supports unreasonable reinvestigation claim. **(Ex. F.)** |
| April 29, 2026 | Liberty internally changed classification to not at fault | Admission that prior classification required correction. **(Ex. G.)** |
| May 4, 2026 | Liberty issued written correction and promised C.L.U.E. update within 30 days | Written admission and notice to reporting system. **(Ex. G.)** |
| May 8, 2026 | Auto policy canceled | Relevant to separate cancellation accounting. **(Ex. I.)** |
| May 20–21, 2026 | Payroll payments posted and Liberty documented $962.71 credit | Shows source of refund was endorsements, payroll, and cancellation. **(Ex. I.)** |
| 2022-2026 | Plaintiff deposited $962.71 check | Does not establish settlement absent required full-satisfaction language. **(Ex. J.)** |

| Date | Event | Evidentiary Significance |
|---|---|---|
| June 17, 2026 | DIFS closed Consumer Services File No. 242171-001 | Demonstrates administrative dispute and unresolved premium issue. **(Ex. M.)** |
| June 25, 2026 | DIFS issued FOIA response concerning the complaint file | Confirms dispute between cancellation credit and accident-related premium refund. **(Ex. M.)** |
| 2022-2026 | Liberty refused or failed to provide complete retroactive premium audit | Supports contract, damages, and accounting allegations. **(Ex. P.)** |

# VI. THE INACCURATE ACCIDENT CLASSIFICATION

34. Plaintiff was insured under Liberty automobile Policy No. AOV-243-887308-40. **(Exhibit A.)**

35. Plaintiff was involved in an automobile accident on July 18, 2022, which Liberty assigned Claim No. 050213530-01. **(Exhibit B.)**

36. Liberty coded or classified the accident as at fault.

37. The at-fault classification was inaccurate or materially misleading.

38. Liberty maintained that classification in its claim and underwriting systems for several years.

39. Liberty furnished, transmitted, or caused the inaccurate loss information to be transmitted to C.L.U.E. **(Exhibits C, G, and H.)**

40. C.L.U.E. maintained the information in Plaintiff's automobile-loss-history file. **(Exhibit C.)**

41. C.L.U.E. reports were available to insurers for underwriting, quoting, discount, and premium decisions.

42. One or more insurers obtained Plaintiff's C.L.U.E. information during the relevant period. **(Exhibit L.)**

43. The at-fault classification was material because an insurer could reasonably view an at-fault accident as indicating greater underwriting risk than a not-at-fault accident.

44. The inaccurate classification affected or was capable of affecting Plaintiff's premiums, available discounts, quotes, eligibility, and insurance history. **(Exhibits K, L, and O.)**

# VII. PLAINTIFF'S DISPUTES AND DEFENDANTS' INVESTIGATIONS

45. On [DATE], Plaintiff directly disputed the at-fault classification with Liberty and supplied [POLICE REPORT/CLAIM DOCUMENTS/OTHER SUPPORT]. **(Exhibit D.)**

46. Liberty did not promptly correct the classification.

47. On March 12, 2026, Plaintiff disputed the classification directly with LexisNexis/C.L.U.E. **(Exhibit E.)**

48. Plaintiff's dispute identified the exact accident, claim number, date of loss, inaccurate fault designation, and supporting evidence.

49. Plaintiff's dispute was neither frivolous nor irrelevant.

50. LexisNexis was required to conduct a reasonable reinvestigation, review all relevant information submitted by Plaintiff, notify Liberty of the dispute, and delete or modify information that was inaccurate, incomplete, or unverifiable.

51. LexisNexis transmitted the dispute to Liberty on 2026. **(Exhibit F.)**

52. Liberty received the CRA dispute notice but failed to conduct a sufficiently searching and reasonable investigation.

53. Liberty instead verified, retained, or permitted continued reporting of the inaccurate at-fault designation.

54. LexisNexis accepted Liberty's verification or otherwise failed to independently reconcile Plaintiff's supporting evidence with Liberty's coding.

55. LexisNexis issued investigation results on 2026 stating "data is accurate"**(Exhibit F.)**

56. The inaccurate at-fault designation remained in Plaintiff's file after one or more disputes. **(Exhibits F and H.)**

57. Defendants failed to provide a coherent explanation of the evidence reviewed, procedures employed, or factual basis for continuing to treat the accident as at fault.

58. The repeated retention or verification of the inaccurate classification supports an inference that Defendants relied on automated, superficial, or circular verification rather than a reasonable investigation.

# VIII. LIBERTY'S EVENTUAL CORRECTION

59. Liberty ultimately reconsidered the classification.

60. Liberty changed the accident from at fault to not at fault effective April 29, 2026.

61. In a May 4, 2026 letter, Liberty stated:

a. the fault designation had been updated to not at fault; and

b. the correction would be updated with C.L.U.E. within 30 days.

**(Exhibit G.)**

62. Liberty's written correction is an admission that its former classification required modification.

63. Liberty did not explain why the inaccurate designation had been maintained for several years.

64. Liberty did not identify the evidence on which it previously relied.

65. Liberty did not provide the dates on which it had furnished or verified the inaccurate information.

66. Liberty did not provide a complete list of consumer-reporting agencies or insurance databases to which it furnished the inaccurate designation.

67. Liberty did not provide a complete retroactive premium audit calculating the financial effect of the correction.

# IX. PREMIUM OVERCHARGES AND ACCOUNTING DISPUTE

68. Liberty charged Plaintiff premiums during the period in which the at-fault classification remained associated with his policy and loss history. **(Exhibit K.)**

69. Plaintiff requested a term-by-term audit showing:

a. the rating variables used;

b. the accident surcharge or loss factor applied;

c. discounts lost or reduced;

d. underwriting tiers applied;

e. policy endorsements connected to the accident;

f. premiums charged before and after correction; and

g. the amount of any refund attributable specifically to the correction.

**(Exhibits M and P.)**

70. Liberty did not provide the requested comprehensive audit.

71. Liberty issued a $962.71 credit or refund.

72. Liberty's May 21, 2026 letter states that the $962.71 credit was based on:

a. multiple endorsements backdated to the 2023 policy term;

b. payroll payments posted on May 20, 2026; and

c. cancellation of the auto policy effective May 8, 2026.

**(Exhibit I.)**

73. Liberty's letter separately identifies a $783.20 payroll deduction allocated between the automobile and renters policies. **(Exhibit I.)**

74. Liberty's letter states that the final refund could not yet be determined because additional payroll payments had not posted. **(Exhibit I.)**

75. The May 21 letter does not state that the $962.71 was calculated as compensation for the wrongful 2022 at-fault classification.

76. It does not contain a term-by-term accident-rating recalculation.

77. It does not identify premiums attributable to the wrongful classification.

78. It does not state that the check was tendered in full satisfaction of Plaintiff's FCRA, consumer-reporting, premium-overcharge, or damages claims.

79. Plaintiff therefore alleges that the cancellation/payroll credit and the accident-classification damages are separate matters.

# X. NO ACCORD AND SATISFACTION OR KNOWING RELEASE

80. Plaintiff deposited the $962.71 check believing it to be a policy-account refund described in Liberty's May 21 letter. **(Exhibits I and J.)**

81. Plaintiff did not sign a release of claims.

82. Plaintiff did not execute a settlement agreement.

83. Plaintiff did not knowingly agree that the check resolved all reporting, premium, statutory, or damages claims.

84. Neither the check nor accompanying communication contained a conspicuous statement that the instrument was tendered in full satisfaction of those separate claims. **(Exhibits I and J.)**

85. Under MCL 440.3311, an accord and satisfaction through a negotiable instrument generally requires, among other things, a good-faith tender as full satisfaction of a disputed or unliquidated claim and a conspicuous statement that the instrument is offered in full satisfaction.

86. Michigan law applies MCL 440.3311, rather than generalized common-law principles, when an alleged accord and satisfaction is based on a check. See Hoerstman General Contracting, Inc. v. Hahn, 474 Mich. 66, 75–80; 711 N.W.2d 340 (2006).

87. To the extent Liberty asserts accord and satisfaction, Plaintiff seeks a declaration that the statutory requirements were not satisfied.

# XI. CONCRETE INJURIES AND DAMAGES

88. Defendants' conduct caused Plaintiff concrete monetary and intangible injuries.

| Damage Category | Description | Supporting Exhibits |
|---|---|---|
| Excess insurance premiums | Amounts paid during the period of inaccurate fault classification | Exs. K, O, Q |
| Lost or reduced discounts | Accident-free, violation-free, preferred-risk, or related discounts affected by the classification | Exs. A, K, O |
| Less favorable quotations | Higher quotes, underwriting treatment, or adverse insurance decisions | Ex. L |
| Consumer-report expenses | Costs of obtaining reports, copying, postage, certified mail, and document preparation | Ex. O |
| Lost time and income | Time spent disputing, corresponding, auditing premiums, and contacting regulators | Ex. O |
| Reputational harm | False designation as an at-fault insured in an industry reporting system | Exs. C, F, H, L |

| **Damage Category** | **Description** | **Supporting Exhibits** |
| --- | --- | --- |
| Emotional distress | Anxiety, frustration, humiliation, sleep disruption, and distress from repeated failure to correct the error | Ex. O |
| Statutory damages | $100 to $1,000 for willful FCRA noncompliance where proved | 15 U.S.C. § 1681n |
| Punitive damages | Amount determined by the jury for willful or reckless FCRA violations | 15 U.S.C. § 1681n |

89. Plaintiff's damages are continuing because Liberty has not provided the requested premium audit and Plaintiff cannot yet determine the full amount of the overcharge.

# XII. GOVERNING FCRA STANDARDS

90. A consumer-reporting agency must follow reasonable procedures to assure maximum possible accuracy whenever it prepares a consumer report. 15 U.S.C. § 1681e(b).

91. A consumer-reporting agency receiving a qualifying dispute must conduct a reasonable reinvestigation, notify the furnisher, review and consider the consumer's relevant information, and promptly modify or delete inaccurate, incomplete, or unverifiable information. 15 U.S.C. § 1681i(a).

92. A reasonable reinvestigation requires more than a cursory review. Berry v. Experian Information Solutions, Inc., 115 F.4th 528, 535–539 (6th Cir. 2024).

93. A furnisher receiving notice of a dispute from a consumer-reporting agency must investigate, review all relevant information supplied by the CRA, report its results, and modify, delete, or permanently block inaccurate, incomplete, or unverifiable information. 15 U.S.C. § 1681s-2(b)(1).

94. The Sixth Circuit recognizes a private right of action against a furnisher for violations of § 1681s-2(b). Boggio v. USAA Federal Savings Bank, 696 F.3d 611, 615–618 (6th Cir. 2012).

95. A furnisher's investigation must be reasonable in light of the information transmitted with the dispute. Boggio, 696 F.3d at 616–617.

96. A direct complaint to a furnisher alone does not trigger the private § 1681s-2(b) claim; CRA notice is required. Scott v. First Southern National Bank, 936 F.3d 509, 517–519 (6th Cir. 2019).

97. Willful or reckless noncompliance permits statutory and punitive damages under 15 U.S.C. § 1681n.

98. Negligent noncompliance permits recovery of actual damages, costs, and reasonable attorney fees under 15 U.S.C. § 1681o.

**98A.** Willful noncompliance under the FCRA includes knowing violations and actions taken in reckless disregard of statutory duties. *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 56–60 (2007).

**98B.** A plaintiff seeking damages in federal court must allege a concrete and particularized injury rather than a statutory violation standing alone. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–342 (2016).

**98C.** Monetary losses, reputational injury associated with dissemination of inaccurate information, and other harms bearing a close relationship to traditionally recognized injuries may establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–442 (2021).

# COUNT I

## FCRA—UNREASONABLE REINVESTIGATION

## 15 U.S.C. § 1681i Against LexisNexis

99. Plaintiff incorporates paragraphs 1 through 98.

100. Plaintiff directly disputed the inaccurate at-fault classification with LexisNexis. **(Exhibit E.)**

101. The dispute identified the inaccurate information and supplied sufficient supporting evidence.

102. LexisNexis was required to conduct a reasonable reinvestigation.

103. LexisNexis failed to adequately review and consider Plaintiff's evidence.

104. LexisNexis failed to reconcile Liberty's unsupported at-fault coding with the evidence supplied by Plaintiff.

105. LexisNexis failed to delete or modify information that was inaccurate, incomplete, materially misleading, or unverifiable.

106. LexisNexis failed to provide a coherent description of the procedure used to determine the accuracy of the information.

107. LexisNexis's violations were negligent under § 1681o.

108. Because the inaccurate designation persisted after repeated and documented disputes, the violations were also willful or reckless under § 1681n.

109. Plaintiff suffered the concrete injuries identified above.

# COUNT II

## FCRA—FAILURE TO FOLLOW REASONABLE ACCURACY PROCEDURES

## 15 U.S.C. § 1681e(b)

## Against LexisNexis

110. Plaintiff incorporates paragraphs 1 through 109.

111. LexisNexis prepared and furnished one or more consumer reports concerning Plaintiff. **(Exhibits C, H, and L.)**

112. Those reports identified or reflected the July 18, 2022 accident as an at-fault loss.

113. The information was inaccurate or materially misleading.

114. LexisNexis failed to follow reasonable procedures to assure maximum possible accuracy.

115. LexisNexis continued maintaining or furnishing the information after receiving evidence calling its accuracy into question.

116. LexisNexis's conduct was negligent and, alternatively, willful or reckless.

117. Plaintiff suffered actual financial, reputational, and emotional injuries.

# COUNT III

## FCRA—FAILURE OF FURNISHER TO REASONABLY INVESTIGATE

## 15 U.S.C. § 1681s-2(b)

## Against Liberty

118. Plaintiff incorporates paragraphs 1 through 117.

119. Liberty furnished the July 18, 2022 accident classification to LexisNexis/C.L.U.E.

120. LexisNexis notified Liberty of Plaintiff's dispute pursuant to § 1681i(a)(2). **(Exhibit F.)**

121. Liberty was required to conduct a reasonable investigation, review all relevant information transmitted by LexisNexis, report accurate results, and correct, delete, or block inaccurate or unverifiable information.

122. Liberty failed to conduct a reasonable and searching investigation.

123. Liberty verified, retained, or permitted continued reporting of the at-fault classification despite Plaintiff's supporting evidence.

124. Liberty failed to disclose or account for the evidence it reviewed.

125. Liberty failed to promptly correct all consumer-reporting agencies to which it furnished the inaccurate information.

126. Liberty's eventual correction to not at fault supports the inference that its earlier investigations or verifications were inadequate. **(Exhibit G.)**

127. Liberty's violations were negligent under § 1681o.

128. Repeated verification or retention after notice supports a finding of willful or reckless noncompliance under § 1681n.

129. Plaintiff suffered the damages identified above.

# COUNT IV

## BREACH OF CONTRACT

## Against Liberty

130. Plaintiff incorporates paragraphs 1 through 129, except allegations based solely on furnishing information to a CRA to the extent preempted.

131. Liberty and Plaintiff entered into an automobile insurance contract. **(Exhibit A.)**

132. Plaintiff performed his obligations by paying premiums.

133. Liberty was required to administer and rate the policy consistently with the contract, applicable endorsements, filed rating rules, and accurate claim classifications.

134. Liberty used or maintained an inaccurate at-fault classification in administering or rating Plaintiff's policy.

135. Liberty charged and retained premiums affected by the inaccurate classification.

136. Liberty failed to provide a complete retroactive recalculation after correcting the error.

137. Liberty failed to return all excess premiums attributable to the misclassification.

138. Liberty's breach caused financial loss in an amount to be determined through its rating and premium records.

139. This count is directed at Liberty's contractual premium administration and retention of funds, not merely its furnishing of information to consumer-reporting agencies.

# COUNT V

## DECLARATORY JUDGMENT—NO ACCORD AND SATISFACTION

## 28 U.S.C. §§ 2201–2202

## Against Liberty

140. Plaintiff incorporates paragraphs 1 through 139.

141. An actual controversy exists concerning the legal effect of the $962.71 check or credit.

142. Liberty may contend that Plaintiff's deposit of the check resolved the separate accident-rating and consumer-reporting claims.

143. Liberty's May 21 letter characterizes the payment as resulting from payroll postings, backdated endorsements, and cancellation accounting. **(Exhibit I.)**

144. The check and accompanying documents did not conspicuously state that they were tendered as full satisfaction of Plaintiff's separate statutory and damages claims. **(Exhibits I and J.)**

145. Plaintiff did not sign or knowingly accept a general release.

146. Plaintiff requests a declaration that depositing the $962.71 account refund did not create an accord and satisfaction or release the claims asserted here.

# COUNT VI

## RESTITUTION AND UNJUST ENRICHMENT

## PLEADED IN THE ALTERNATIVE

### Against Liberty

147. Plaintiff incorporates paragraphs 1 through 146.

148. This count is pleaded in the alternative under Federal Rule of Civil Procedure 8(d).

149. Liberty received and retained premium payments from Plaintiff during the period of the inaccurate at-fault classification.

150. To the extent the insurance contract does not provide an adequate remedy for misapplied or excess premiums, Liberty received a direct financial benefit from Plaintiff.

151. It would be inequitable for Liberty to retain premiums attributable to an accident classification it later acknowledged required correction.

152. Liberty has not provided an accounting sufficient to establish that all such amounts were refunded.

153. Plaintiff seeks restitution of the excess amounts, subject to proof and any applicable limitation.

# XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

A. Actual damages under 15 U.S.C. §§ 1681n and 1681o;

B. Statutory damages of $100 to $1,000 for each willful FCRA violation as authorized by § 1681n;

C. Punitive damages for willful or reckless FCRA violations;

D. Recovery of excess automobile-insurance premiums and lost discounts;

E. Restitution of amounts wrongfully retained;

F. A complete accounting of:

1. every policy term from July 18, 2022 through cancellation;
2. every accident-related rating variable;
3. every surcharge, discount, tier, or underwriting change;
4. every premium calculation;
5. every endorsement and backdated adjustment; and
6. every credit and refund;

G. A declaration that the $962.71 payment did not constitute a general release or accord and satisfaction;

H. Prejudgment and post-judgment interest;

I. Costs and reasonable attorney fees where authorized by the FCRA;

J. Such equitable relief as is legally available;

K. Trial by jury; and

L. Any other relief the Court deems just and proper.

# XIV. JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

Benjamin Ballout

885 Penniman Ave #5421

Plymouth, Michigan 48170

Telephone: 7343520052

Email: Benjamin.ballout@diplomatictrade.com

Plaintiff, Pro Se

# PLAINTIFF'S INDEX OF EXHIBITS

| Exhibit | Description | Complaint References |
|---|---|---|
| A | Automobile policy declarations, Policy No. AOV-243-887308-40, identifying Liberty Mutual Personal Insurance Company | ¶¶ 2, 27–28, 34, 43, 131 |
| B | July 18, 2022 accident and Claim No. 050213530-01 records | ¶¶ 2–3, 35 |
| C | Pre-correction C.L.U.E. disclosure showing the at-fault designation | ¶¶ 3–7, 39–42, 111–112 |
| D | Direct disputes and notices sent to Liberty | ¶¶ 6–7, 45 |
| E | Disputes submitted to LexisNexis/C.L.U.E. | ¶¶ 6–7, 47–50, 100–101 |
| F | LexisNexis reinvestigation results and evidence of CRA notice to Liberty | ¶¶ 7, 51–57, 120 |
| G | Liberty May 4, 2026 correction letter confirming not-at-fault update effective April 29, 2026 | ¶¶ 4, 9, 39, 59–67, 126 |
| H | Post-correction C.L.U.E. report and correction history | ¶¶ 4, 7, 40, 56, 111 |
| I | Liberty May 21, 2026 Presidential Service Team letter concerning $962.71 credit, payroll, endorsements, and cancellation | ¶¶ 12–17, 27, 68–78, 143–144 |
| J | $962.71 check, check stub, envelope, deposit record, and accompanying correspondence | ¶¶ 13–17, 80–84, 144 |
| K | Policy declarations, premium ledgers, renewal notices, and billing history from 2022–2026 | ¶¶ 11, 42–44, 68, 88 |
| L | Other-insurer quotes, adverse-action notices, and C.L.U.E. file-access disclosure | ¶¶ 7, 11, 42–44, 88, 111 |
| M | DIFS Consumer Services File No. 242171-001 correspondence and June 25, 2026 FOIA letter | ¶¶ 12, 69, chronology |
| N | Johnny Weldeab email identifying CSC at 84 State Street, Boston, Massachusetts | ¶¶ 32–33 |
| O | Itemized damages schedule, receipts, postage, copying, lost-time log, and distress documentation | ¶¶ 11, 43–44, 88 |

| Exhibit | Description | Complaint References |
|---|---|---|
| P | Demands for a premium audit and Liberty's responses or non-responses | ¶¶ 12, 69–70 |
| Q | Payroll records, bank records, $783.20 deduction evidence, and refund accounting | ¶¶ 11, 17, 68, 72–75, 88 |
| R | Liberty privacy notice or policy documents acknowledging disclosures to insurance and consumer-reporting agencies | ¶ 28 |

# CERTIFICATION REGARDING EXHIBITS

Plaintiff certifies that each attached exhibit is a true and accurate copy of a document in Plaintiff's possession, subject to authentication and supplementation through discovery.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: WAYNE, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Benjamin Ballout, Pro Se
885 Penniman Ave # 5421
Plymouth, MI 48170

(b) County of Residence of First Listed Plaintiff: Wayne, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS

Liberty mutual personal insurance company, and, Lexis Nexis Risk Solutions INC.

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [X] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §§ 1681e(b), 1681i, and 1681s-2(b)

Brief description of cause: CONSUMER CREDIT, Breach of Contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ To be determined

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: N/A

JUDGE ______ DOCKET NUMBER ______

DATE 07-07-2026 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______